**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Carey Vanier,<br><br>        Plaintiff,<br><br>vs.<br><br>Performant Recovery, Inc., f/k/a, Diversified Collection Services, Inc., *a foreign corporation*,<br><br>        Defendant. | Civil File No:_____<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and under 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Carey Vanier ("Vanier" or "Plaintiff") is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery Inc., f/k/a Diversified Collection Services, Inc. ("PR" or "Defendant"), is a foreign corporation that operates as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) from an address of 333 North Canyons Parkway, #100, Livermore, California 94551.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred an alleged financial obligation with U.S. Bank.  U.S. Bank is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged financial obligation was for a federally guaranteed student loan that was later placed with Great Lakes Higher Education Guaranty Corporation.

8. The U.S. Bank financial obligation was primarily for personal, family or household purposes and is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

9. Sometime prior to January 2013, the debt was transferred, cosigned, or otherwise sent to PR for collection from Plaintiff.

10. Sometime prior to January 2013, Plaintiff entered into a "loan rehabilitation agreement" for the debt.

11. Plaintiff failed to complete the "loan rehabilitation agreement."

12. Pursuant to 34 C.F.R. § 682.405(a)(2);

> A loan is considered to be rehabilitated only after—
> (i) The borrower has made and the guaranty agency has received nine of the ten payments required under a monthly repayment agreement.
> (A) Each of which payment is—
> (1) Made voluntarily;
> (2) In the full amount required; and

> > (3) Received within 20 days of the due date for the payment, and
> 
> (B) All nine payments are received within a 10-month period that begins with the months in which the first required due date falls and ends with the ninth consecutive calendar month following that month, and
> 
> > (ii) The loan has been sold to an eligible lender.

13. On or about January 4, 2013, Plaintiff called PR and spoke to a debt collector with the last name "Philips."

14. During this telephone conversion, "Ms. Philips" falsely, and repeatedly told Plaintiff in an attempt to collect a debt and in connection with the collection of a debt that he was no longer eligible for the federal loan rehabilitation program, and that he had to complete a loan consolidation instead.

15. Based upon information and belief, PR is able to collect more money in collection fees when a consumer completes a loan consolidation than when a consumer completes a rehabilitation program.

16. When a consumer completes a rehabilitation program, the default status is removed from the consumer reporting agencies.

17. Plaintiff was still eligible for the rehabilitation program when the debt collector from PR falsely told him that he was not eligible for the rehabilitation program.

18. Pursuant to §§ 34 C.F.R. 685.211(f) and 682.405(a), Plaintiff is not eligible for the rehabilitation program if the loan had actually been rehabilitated previously, or if the loan had been reduced to judgment.

19. PR violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) when PR's employee falsely told Plaintiff that he was not eligible for the loan rehabilitation program.

20. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by PR.

21. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of PR acts and omissions.

### TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

23. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

24. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

25. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and

4

embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

26. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;
- For such other and further relief as may be just and proper; and

Dated:  February 27, 2013.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
       Patrick L. Hayes (0389869)
       Attorneys for Plaintiff

5

3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com